UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: TD BANK, N.A., DEBIT CARD
OVERDRAFT FEE LITIGATION                                  MDL No. 2613

### TRANSFER ORDER

**Before the Panel:**[*] Plaintiff Britney Lawrence and MDL No. 2613 Co-Lead Counsel move under Panel Rule 7.1 to vacate our order that conditionally transferred the action listed on Schedule A (*Lawrence*) to the District of South Carolina for inclusion in MDL No. 2613. Defendant TD Bank, N.A., opposes the motions.

Movants argue that transfer of *Lawrence* is not warranted given the advanced nature of the litigation in MDL No. 2613. This argument is not convincing. Significant pretrial proceedings remain to be completed in the MDL. The transferee court has not yet ruled on class certification, and only discovery relating to class certification has closed. To the extent that prior discovery is not fully responsive to the claims in *Lawrence*, additional discovery can be conducted during the post-certification discovery period, or the transferee court could employ other case management mechanisms, such as separate litigation tracks.

Plaintiff further argues that *Lawrence* involves unique questions of law and fact—specifically, whether TD Bank misclassified one-time ride-sharing transactions on Uber or Lyft as "recurring" and thus subject to an overcharge fee, even if the account holder has not opted into TD Bank's overcharge service (known as TD Debit Card Advance). Plaintiff suggests that the putative classes asserted in the MDL include only account holders who had opted into TD Debit Card Advance, whereas the putative class in *Lawrence* includes only TD Bank checking account holders who did not opt into TD Debit Card Advance. This characterization of the claims and the classes in the MDL is too narrow—not all of the putative classes in the MDL are limited to account holders who opted into TD Debit Card Advance. Revealingly, plaintiff herself is also a named class representative in MDL No. 2613, which would be impossible if the putative classes in the MDL were as narrow as she suggests. Her claims in the MDL involve the same checking account and the same account agreement. The overlap among the asserted classes in *Lawrence* and MDL No. 2613 warrants transfer. Were *Lawrence* to proceed separately, there would be a significant risk of duplicative discovery, inconsistent pretrial rulings, and potentially duplicative recoveries as to the same overcharge fees and accounts.

Plaintiff also contends that transfer will cause her inconvenience and delay. But, in deciding issues of Section 1407 transfer, the Panel looks to the overall convenience of the parties and

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

-2-

witnesses in the litigation as a whole. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012). Here, overall convenience and efficiency will be served by transfer of *Lawrence*.

After considering the argument of counsel, we find that *Lawrence* involves common questions of fact with the actions previously transferred to MDL No. 2613, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2613 share factual questions arising from allegations that TD Bank assesses overdraft fees on its customers' checking accounts in a manner that improperly results in maximizing the amount of those fees. *See In re TD Bank, N.A., Debit Card Overdraft Fee Litig.*, 96 F. Supp. 3d 1378, 1379 (J.P.M.L. 2015). The claims in *Lawrence*, although targeted at overdraft fees charged for a particular type of transaction, overlap with those in MDL No. 2613. Transfer of *Lawrence* to the MDL thus will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Bruce Howe Hendricks for inclusion in the coordinated or consolidated pretrial proceedings in this docket.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Ellen Segal Huvelle          R. David Proctor
Catherine D. Perry

IN RE: TD BANK, N.A., DEBIT CARD
OVERDRAFT FEE LITIGATION          MDL No. 2613

## SCHEDULE A

District of New Jersey

LAWRENCE v. TD BANK, N.A., C.A. No. 1:17-12583